

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA
# SOUTHERN DIVISION

Mr. DaJuan Key
[UNDER DURESS:
FED. REG. No.:
#43357-424],
Plaintiff, Pro Se and
All Others Similarly
Situated;
Plaintiffs.

FILED LODGED RECEIVED COPY
JAN 25 2024
CLERK U S DISTRICT COURT DISTRICT OF ARIZONA
BY DEPUTY

CV-24-45-TUC-RM-PSOT

v.

Civil Action No.:

JURY DEMAND
JUDGE:

FEDERAL BUREAU OF PRISONS
ET AL.,
In Their INDIVIDUAL And
OFFICIAL Capacity(ies);
DEFENDANTS.

# PRO SE PRISONER COMPLAINT FOR THE DEPRIVATION OF CONSTITUTIONAL RIGHTS PURSUANT TO TITLE 28 U.S.C. § 1331 (And Other Applicable Federal Law, Rule(s), etc.)

---

To: The Honorable United States District Court for the DISTRICT OF ARIZONA at Tucson, Arizona:

COMES NOW Mr. DaJuan Key (hereinafter "Mr. Key" or "Plaintiff" as the context may —from time to time— require), along with ALL other similarly-situated individuals, in propia persona, Plaintiff pro sé and FILE this Complaint For The Deprivation of Constitutional Rights Pursuant To Title 28 U.S.C. §1331.

I.

A.

As a threshold matter, the United States District Court for the District of Arizona,

Southern Division, at Tucson, Arizona, exercises original subject-matter jurisdiction to hear this Complaint and Order appropriate relief pursuant to Article III of the Constitution for the United States of America and an Act of Congress codified at Title 28 U.S.C. § 1331

B.

The Plaintiff in this Article III Case or Controversy is a natural person under a term of Federal imprisonment and housed, at all times relevant, at the United States Penitentiary (hereinafter "U.S.P." or "USP," interchangeably) at Tucson, Arizona, a time-building penal facility located in the District of Arizona, Southern Division. Including ALL similarly situated individuals.

C.

The Defendants in this Article III Case or Controversy are all employee(s) and/or official(s), acting and/or purporting

to act under grant(s) of official authority conferred upon them by the government of the United States. Each Defendant (and those acting in concert of design therewith) are employed by the FEDERAL BUREAU OF PRISONS; have, each in their turn sworn an Oath of Office pursuant to Title 5 U.S.C. §1331 et seq., and whose acts/omissions occurred at USP Tucson in the District of Arizona, in its Southern Division.

The Plaintiff, along with all other individuals similarly situated has thus established: (i) this Honorable Court's original subject matter jurisdiction, (ii) their standing to bring this Article III Case or Controversy, and (iii) the Defendants' obligation to answer or otherwise responsibly plead to the allegations set forth in the Complaint (as a general rule: "According to the law of pleading, that which is not denied is ceded. Casey v. Galli, (citation omitted).

II.

A.

A Plain Statement Of Material Fact:

Plaintiff was transferred to USP Tucson on or about. Upon arrival at this receiving institution, Plaintiff was placed in the Special Housing Unit (hereinafter "SHU"). Plaintiff was told that having a previous adjudication for violation of FBOP Prohibited Act Code #205 the only way he could be released to the prisons' General Population would be to "volunteer" for placement in the institution's 2-hour Watch program.

Plaintiff refused such coercive process as not authorized by FBOP policy or the Code of Federal Regulations and which has not been published in the Federal Register after an appropriate time for Public Comment.

When Plaintiff refused, an Adminis-

trative Detention Order (hereinafter colloquially "lock-up order") was generated, claiming that Plaintiff was placed in SHU pending investigation for a violation of an FBOP rule or regulation.

In SHU, a magnetic blind is placed on Plaintiff's door as part of this rogue program whenever female staff are on the range, making it near-impossible to talk to Administrative personnel who could affect Plaintiff's circumstances.

In SHU, Plaintiff is continually denied access to law library materials and equipment (which necessarily impairs both the First Amendment right to Petition the Government for a Redress of Grievances AND the right of Access to the Courts); the opportunity to contact family, friends, the community and governmental entities (which implicates the right of Association — also under the First Article In Amendment); Plaintiff, along with those other similarly-situated individuals, have never received the

administrative detention hearing (known as an "SRO hearing") which is supposed to be conducted in seven (7) day intervals in order to give the prisoner an opportunity to be heard on whether or not circumstances exist warranting placement in SHU (which necessarily indicates the deprivation of the process due Plaintiff and those similarly situated as specifically enumerated at FBOP Program Statement #5270.11 [Inmate Discipline]).

Though his rights may necessarily be curtailed by the needs and exigencies which are the natural consequence of prison life, he is NOT wholly stripped of the Constitution's protections. A prisoner may claim the protections of the Due Process of Law clause. A prisoner may not be deprived of life, liberty, or property without due process of law. See Wilwording v. Swenson, (citation omitted). This rogue operation of law enforcement is not one in which Modern Society is willing to tolerate.

B.

According to the documents promulgated by the FBOP, this 2-hour Watch was content to bring prisoners who participate in violence and escapes into it's ambit and exclude prisoners who have previously violated FBOP Prohibited Act Code #205.

It is a maxim of American Jurisprudence as old and immovable as Gibraltar that:

> The enumeration presupposes that which is not enumerated.

In order to bring Plaintiff, and all other similarly situated individuals within the reach of the 2-hour Watch program USP staff falsify the lock-up order to hold prisoners in restricted housing wherein deprivation of rights become commonplace until the prisoners' will is overbourne and he relents to par-

ticipate "voluntarily" in the 2-hour Watch program in order to escape the odious conditions (e.g. overflowing toilets and sewer drains; food served on trays with refuse; the stench of fecal materials; vents never cleaned or blown out, etc.) prevalent in SHU.

Such falsification of the lock-up order is a direct violation of Title 18 U.S.C. §1001(a), a Felony; a crime for which law enforcement officers are not privileged to commit.

Plaintiff, and those similarly-situated individuals who previously had been adjudicated guilty of FBOP Prohibited Act Code #205 and for whom the entire disciplinary process reached its conclusion.

Such unauthorized and heavy-handed governmental tactics cut afoul of the basic concepts of fairness that mark our continued progress as a Maturing Society.

Staff have no authorization to make such programs without first providing

notice to the public, inviting Public Comment and finally publishing such policy change in the Federal Register.

In the Case At Bar, none of these requirements have been met, making Plaintiff, and all those individuals similarly-situated INELIGIBLE for this coercive 2-hour Watch program.

NOTE: It is particularly telling that USP Tucson staff zealously and passionately enforce a program that is unauthorized by FBOP Program Statement or Code of Federal Regulations; which has NOT been published in the Federal Register, BUT FBOP Program Statement on Inmate Discipline, promulgated at FBOP Program Statement No.: 5270.11, which has been formally promulgated and published in the Federal Register is NOT enforced by these lawless law enforcement officers (including, but NOT LIMITED TO the 7-day SRO hearing).

# III.

## A.

## LIBERAL CONSTRUCTION:

Plaintiff, along with all those individuals similarly situated, is a layman at Law. He lacks skill, training and experience in the Science of Law. He is generally unable to draft coherent pleadings unaided and needs professional legal assistance.

As such, Plaintiff, along with those similarly-situated persons ASK that this Honorable Court LIBERALLY CONSTRUE this Complaint and the attached Affidavit In Support scrupulously and dismiss only if the Court finds that Plaintiff and all other individuals similarly-situated can prove no set of operative facts entitling him to the relief he is seeking.

## B.

ISSUANCE OF TEMPORARY RESTRAINING ORDER ("TRO") and/or PRELIMINARY INJUNCTION ("PI"):

As relief, Plaintiff, and those individuals similarly-situated seeks the issuance of a Temporary Restraining Order (hereinafter "TRO") and/or Preliminary Injunction (hereinafter "PI") to COMPEL the Federal Bureau of Prisons and USP Tucson staff to a lawful course of conduct relative to the placement of Federal prisoners previously adjudicated guilty of violation of FBOP Code #205 in SHU for the sole purpose of coercing said prisoners into "volunteer[ing]" to participate in the 2-hour Watch program.

In support for his Request for TRO/PI, Plaintiff and all other similarly-situated individuals aver that the requirements for the issuance of the TRO/PI are herein met; to wit:

1 Absence of Harm To The Adverse Party:

The defendants in this Cause of Action WILL NOT be harmed by the issuance of an ORDER directing them to CEASE and DESIST acting in a manner inconsistent with the Constitution for the United States of America.

The Constitution is the Supreme Law of the Land and binds every forum of government whether it derives its power from the State or Federal government.

Further, defendants, working for a government of limits, are NOT at liberty to make up programs willy-nilly and falsify government documents to enforce compliance with unlawful conduct.

2. Likelihood Of Ultimate Success On The Merits:

It is more likely than not that Plaintiff and all those individuals similarly situated will be able to enter into evidence their



Chronological Disciplinary Summary and Chronological Housing Summary, JUDICIAL NOTICE OF ADJUDICATIVE FACT, Fed. R. Ev. 201(d) to establish that he had been placed in SHU straight off the transport vehicle. The falsified lock-up order will show staff willingness to knowingly and deliberately commit felony acts, and watch felonies committed by other staff under a blanket of criminal protection.

The USP Tucson VICON VIDEO SURVEILLANCE of Plaintiff's movements while a USP Tucson will show that he has been denied an SRO hearing, no infraction report has been served upon him; Plaintiff, nor any of the similarly-situated individuals qualify for the 2-hour Watch and that they've been deprived of rights on account of such placement and coercion since their arrival.

3. IMMINENT DANGER TO PLAINTIFF IN THE ABSENCE OF TRO/PI:

Plaintiff demonstrates that he is in IMMINENT DANGER along with other individuals similarly-situated of irreparable injury by the above-described conduct of Federal actors because they all have been denied First, Fifth and Eighth Amendment rights.

> The loss of fundamental rights, even for short periods of time, constitutes irreparable injury.
>
> -Elrod v. Burns (citation omitted)

As the defendants, law enforcement officers, have knowingly and capriciously demonstrated their willingness to repeatedly violate law and policy, there is no indication that they will stop such conduct of their own accord, choosing instead to contiue a program of intentional infliction of irreparable injury on Plaintiff and those similarly-situated. As such, it is more likely than not this will continue in the absence of im-

mediate and meaningful judicial intervention.

4. PUBLIC INTEREST:

There is nothing more corrosive to the fabric of a public institution, such as a prison, than the notion, held by those it incarcerates, that they are being treated unfairly.

Decency and liberty alike are commands to our government. The Government is the potent, the omni-present Teacher; it teaches the whole of our Society by its example; if government becomes a law-breaker it invites every man to break law. It invites every man to become a law unto himself. It invites contempt for law. It invites anarchy.

The United States of America is a Nation predicated upon the notion of Rule of Law; to disregard the law related to their employment creates a lawless zone within the American prison system and, as such, is repugnant to — and afoul of — the Public Interest in lawful governance.

As such, Plaintiff and those individuals similarly-situated has now established that the issuance of a TRO/PI is agreeable to the principles and usages of law, is legally appropos, and satisfies the Ends of Justice in limited federal power.

Plaintiff, along with all individuals similarly-situated, hereby FORMALLY seeks an opportunity to be heard in a reasonable time and meaningful manner on whether the TRO/PI should issue against the defendants and those acting in concert therewith.

C.

COMPENSATORY AND PUNITIVE DAMAGES AWARD:

For Relief, Plaintiff and all those similarly-situated individuals seek a compensatory damages award of $ .00 ( and 00/100) and a punitive

damages award of $ .00 ( and 00/100) against ALL defendants, jointly and severally, for the sum certain $ /.00 ( and 00/100).

D.

DECLARATORY JUDGMENT:

As Relief, Plaintiff, along with all other individuals similarly-situated, seek a Declaratory Judgment DECLARING that placement of prisoners having previous code violation #205 in disciplinary segregation for the purpose of coercing them into volunteering for a rogue program and falsifying official governmental documents in order to conceal such conduct, is violative of the First, Fifth and Eighth Amendments to the Constitution and, therefore, repugnant to the rudimentary demands of Justice and MUST immediately CEASE.

IV.

Plaintiff has exhausted all those administrative remedies as are available at USP Tucson SHU. See Prison Litigation Reform Act ("PLRA"), 42 USC §1997e.

V.

WHEREFORE; Plaintiff and all those similarly situation, seeks an opportunity to be heard in a reasonable time or meaningful manner on the issues presented, *supra*.

Respectfully,

1-18-2024 (Date)

/s/ [signature]

Mr. DaJuan Key
Fed. Reg. No.: 43357-424
UNITED STATES PENITENTIARY
POST OFFICE BOX 24550
Tucson, AZ
85734-4550